FRANK E. ROGOZIENSKI, ESQ. [CA SBN 51445]
FRANK E. ROGOZIENSKI, INC.
A Professional Corporation
Attorneys at Law
1660 Union Street, Third Floor
San Diego, CA 92101
Telephone: (619)237-1878
Facsimile: (619)237-1870
rogolaw@pacbell.net

Attorneys for Plaintiffs, EL CENTRO MOTORS,
a California corporation

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL CENTRO MOTORS, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROGERS & ROGERS, INC., a California corporation, JAMES EARNEST, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. **'15CV2393 GPC KSC**<br><br>COMPLAINT FOR UNFAIR COMPETITION (15 USC §1125(a)) and CYBERSQUATTING (15 USC §1125(d)) and DEMAND FOR TRIAL BY JURY |

COMPLAINT FOR UNFAIR COMPETITION (15 USC §1125(a)) AND CYBERSQUATTING (15 USC §1125(d)) AND DEMAND FOR TRIAL BY JURY

1

Plaintiff, by and through its undersigned counsel, alleges:

## INTRODUCTION

1. This is an action in law and equity for false designation of origin in violation of the Lanham Act, 15 USC §1125(a), and for violations of the Anticybersquatting Consumer Protection Act, 15 USC §1125(d). As set forth below, through their commercial use in commerce of the Internet domain names "elcentromotor" and "elcentroford," Defendants have willfully infringed Plaintiff's trademark for "El Centro Motors," and have acted as a cybersquatter by intending to profit from the goodwill associated with the mark. These activities will continue unless enjoined by this Court.

## JURISDICTION AND VENUE

2. The within action arises under the Lanham Act, 15 USC §§1125(a) [False Designation of Origin] and 1125(d) [Cybersquatting]. Jurisdiction over the subject matter of this action is vested in this Court by virtue of 15 USC §1121 and 28 USC §1338. This Court has personal jurisdiction over the Defendants in this action pursuant to 28 USC §1331, 1391 and 1400 because the Defendants reside in this judicial District in Imperial County, California, and regularly conduct business in this District.

3. Venue is proper in this Court inasmuch as Plaintiff and Defendants are each citizens of this District, and acts of Defendants occurred in this District.

## PARTIES

4. At all times herein relevant, Plaintiff was, and now is, a corporation duly

COMPLAINT FOR UNFAIR COMPETITION (15 USC §1125(a)) AND CYBERSQUATTING (15 USC §1125(d)) AND DEMAND FOR TRIAL BY JURY

2

organized and existing under the laws of the State of California, with its principal place of business and doing business in this District in El Centro, California. At all times herein relevant, Plaintiff has been, and is now, duly licensed by the State of California Department of Motor Vehicles as a New Auto/Commercial Vehicle Dealer.

5. At all times herein relevant, Defendant, Rogers & Rogers, Inc. [herein "Rogers"] was, and now is, a corporation organized and existing under and by virtue of the laws of the State of California, with its principal place of business and doing business in this District in Imperial, California. At all times herein relevant, Defendant Rogers has been, and is now licensed by the State of California Department of Motor Vehicles as a New Auto/Commercial Vehicle Dealer. At times herein relevant, Defendant Rogers has done, and is now doing, business under the fictitious names, "Rogers & Rogers Chrysler Jeep Dodge" and "Rogers & Rogers Nissan."

6. At all times herein relevant, Defendant, James Earnest [herein "Earnest"] was, and now is, an individual residing and employed in this District. On information and belief, at all times herein relevant, Earnest has been, and is now, the Director of Operations and a managing agent and employee of Defendant, Rogers. On information and belief, Earnest has been, and is now, a conscious, dominant and active force behind the wrongful acts of Defendant Rogers, which wrongful acts he has engaged in have been and are for the benefit of Defendant Rogers as well as for his own individual gain.

7. The true names and capacities, whether individual, corporate, associate

or otherwise of Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names, and Plaintiff will amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that such fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiff as herein alleged.

## FACTUAL BACKGROUND

8.   At all times herein relevant, Plaintiff was, and now is, an authorized Dealer for the Ford Motor Company, and the only authorized Ford Dealer doing business in El Centro, California. At all times herein relevant, Plaintiff has been, and is now, engaged in the business of the sales of new and used motor vehicles, parts and service.

9.   At all times herein relevant, Defendant Rogers was, and now is, a Dealer for Chrysler, Jeep, Dodge, Toyota and Nissan. Defendant Rogers is not now, and has never been, a Ford, Lincoln, Mercury or Volkswagen Dealer.

10.   At all times herein relevant since approximately January 1990, Defendant Rogers has not had, and does not now have, a place of business in El Centro, California.

11.   Plaintiff is the owner of the unregistered trademark "El Centro Motors," and has devoted significant resources in advertising, branding, publicizing and promoting "El Centro Motors" as its trademark and tradename. Plaintiff's use of the "El Centro Motors" mark began in 1956 and has been continuous and uninterrupted

COMPLAINT FOR UNFAIR COMPETITION (15 USC §1125(a)) AND
CYBERSQUATTING (15 USC §1125(d)) AND DEMAND FOR TRIAL
BY JURY

4

since then. Plaintiff has never abandoned its use of the "El Centro Motors" mark.

12. The "El Centro Motors" mark is Plaintiff's legal name, and at all times herein relevant has been, and is now, commonly used by the public and trade to identify Plaintiff and Plaintiff's business, products and services.

13. On April 13, 2001, Plaintiff duly registered the domain name "elcentromotors," and has maintained that registration at all times since. At all times since April 13, 2001, Plaintiff has maintained, and does now maintain, in connection with its business, the Internet website "www.elcentromotors.com" on which Plaintiff has used, and continues to use, the "El Centro Motors" mark. Plaintiff's "www.elcentromotors.com" website is informative and interactive.

14. As a result of the widespread use and display of Plaintiff's "El Centro Motors" mark throughout Southern California, the mark has built up secondary meaning and extensive goodwill, and both the public and the trade have used, and continue to use the mark to identify and refer to Plaintiff and to Plaintiff's business, products and services.

15. Since August 6, 2014, Defendants have registered more than 50 domain names, including on August 6, 2014 the domain names "elcentromotor," and "elcentroford."

16. On information and belief, Defendants had, and continue to have, a bad faith intent to profit from the registration and use of the Internet domain names, "elcentromotor" and "elcentroford" by creating an association with Plaintiff's "elcentromotors" domain name and Plaintiff's "El Centro Motors" mark as to source

COMPLAINT FOR UNFAIR COMPETITION (15 USC §1125(a)) AND
CYBERSQUATTING (15 USC §1125(d)) AND DEMAND FOR TRIAL
BY JURY

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
1660 UNION STREET
3RD FLOOR
SAN DIEGO, CALIFORNIA 92101
(619) 237-1878

or sponsorship.

17. The "elcentromotor" domain name is virtually identical and confusingly similar to Plaintiff's "El Centro Motors" mark. Defendants' "elcentromotor" domain name is virtually identical and confusingly similar to Plaintiff's "elcentromotors" domain name.

18. A consumer going to "www.elcentromotor.com" on the Internet expecting to connect to the website for Plaintiff will instead see the message, "This page has moved - redirecting elcentromotor," and automatically be taken to a website of Defendant Rogers.

19. A consumer going to "www.elcentroford.com" on the Internet expecting to connect to the website for Plaintiff's Ford Dealership will instead see the message, "This page has moved - redirecting elcentroford," and automatically be taken to a website of Defendant Rogers.

20. Defendants have used the "elcentromotor" and "elcentroford" domain names in commerce solely to divert consumers seeking Plaintiff's online website to a Defendant Rogers website. Defendants' commercial use in commerce of the "elcentromotor" and "elcentroford" domain names has harmed and will continue to harm the goodwill represented by Plaintiff's "El Centro Motors" mark, for commercial gain and with the intent to tarnish or disparage Plaintiff's "El Centro Motors" mark by creating a likelihood of confusion or mistake as to the source, sponsorship, affiliation or endorsement of Defendant Rogers and the Rogers website.

21. Defendants' use of the "elcentromotor" and "elcentroford" Internet

COMPLAINT FOR UNFAIR COMPETITION (15 USC §1125(a)) AND
CYBERSQUATTING (15 USC §1125(d)) AND DEMAND FOR TRIAL
BY JURY

6

domain names to identify Defendants' business, products and services creates confusion and deception as to the source or origin of Defendants' products and services. Through this use, Defendants are unfairly trading on the valuable good will embodied in Plaintiff's "El Centro Motors" mark. Defendants "elcentromotor" and "elcentroford" Internet domain names are confusingly similar, misleading and deceptive.

22.   Prior to Defendants' registration and use of the "elcentromotor" and "elcentroford" domain names, Defendants had actual knowledge of Plaintiff's prior rights to and use of the "El Centro Motors" mark and "elcentromotors" domain name.

23.   By letters dated April 17, 2015 and August 13, 2015, Plaintiff's counsel gave written notice to Defendants of their infringement of Plaintiff's "El Centro Motors" mark and demanded that Defendants cease and desist from continuing their infringing behavior. Except for a brief period of time, Defendants have ignored Plaintiff's notice and demand, and have continued and are now continuing their infringing behavior.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
## FOR UNFAIR COMPETITION
## 15 USC §1125(a)

24.   Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 23 set forth above.

25.   Defendants' unauthorized use and promotion in commerce of Internet domain names confusingly similar to Plaintiff's "El Centro Motors" mark and

COMPLAINT FOR UNFAIR COMPETITION (15 USC §1125(a)) AND
CYBERSQUATTING (15 USC §1125(d)) AND DEMAND FOR TRIAL
BY JURY

7

"elcentromotors" Internet domain name to identify Defendant Roger's business, products and services has caused and will likely continue to cause confusion, mistake or deceive as to affiliation, connection or association of Plaintiff with Defendants, or as to the origin, sponsorship or approval by Plaintiff of Defendants' business, products and services.

26. Defendants' use of the Internet domain names "elcentromotor" and "elcentroford" is without Plaintiff's consent or permission.

27. Defendants' aforementioned unlawful acts are intended to, and have blurred and eroded the distinctiveness of Plaintiff's "El Centro Motors" mark, and are intended to and have tarnished the reputation of Plaintiff and its "El Centro Motors" mark and its business, products and services.

28. Defendants' aforementioned unlawful acts have caused, and will continue to cause irreparable harm to Plaintiff and its "El Centro Motors" mark, and to the business and substantial goodwill represented thereby, and said acts irreparably injure and damage and will continue to irreparably injure and damage Plaintiff unless restrained by this Court.

29. On information and belief, the aforementioned unlawful acts of Defendants have been willful and deliberate.

30. Plaintiff has no adequate remedy at law.

31. Defendants' actions are in violation of 15 USC §1125(a).

////

COMPLAINT FOR UNFAIR COMPETITION (15 USC §1125(a)) AND CYBERSQUATTING (15 USC §1125(d)) AND DEMAND FOR TRIAL BY JURY

8

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

## FOR CYBERSQUATTING

## 15 USC §1125(d)

32. Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 31 set forth above.

33. "El Centro Motors" is a distinctive mark within the meaning of 15 USC §1125(d).

34. The "El Centro Motors" mark was a distinctive mark at the time of Defendants' registration of the "elcentromotor" and "elcentroford" domain names.

35. The "elcentromotor" domain name is virtually identical and confusingly similar to Plaintiff's "El Centro Motors" mark. The "elcentroford" domain name is confusingly similar to Plaintiff's "El Centro Motors" mark.

36. In engaging in the aforementioned unlawful acts, Defendants have at all times had a bad faith intent to profit from Plaintiff's "El Centro Motors" mark.

37. Defendants have registered a multitude of domain names which Defendants know are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that were famous at the time of registration of such domain names, without regard to the goods or services of the parties.

38. Defendants' actions are in violation of 15 USC §1125(d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

---

COMPLAINT FOR UNFAIR COMPETITION (15 USC §1125(a)) AND CYBERSQUATTING (15 USC §1125(d)) AND DEMAND FOR TRIAL BY JURY

9

1. For an order that Defendants' conduct violates 15 USC §1125(a) and (d);

2. For a preliminary and permanent injunction restraining Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with them, from using, on or in connection with any product or service, or the sale, offering for sale, distribution, advertising, promotion of any product or service, or using for any commercial purpose whatsoever: (a) the designations "elcentromotor," "elcentroford" or similar terms; (b) the internet domain names "elcentromotor" and "elcentroford"; (c) Plaintiff's "El Centro Motors" mark or any other confusingly similar mark; (d) any other designation that is likely to cause confusion, mistake or to deceive as to the origin, sponsorship, or approval of Plaintiff of Defendants' business, products or services; or (e) any other name, mark or term likely to cause mistake in the mind of the public or trade or to deceive the public or trade into the belief that Defendants' business and/or their products and/or services are in any way associated with or related to Plaintiff's business and/or Plaintiff's products and/or services;

3. For an order that the domain names "elcentromotor" and "elcentroford" be transferred to Plaintiff, or alternatively by forfeited or cancelled;

4. For damages for Defendants' wrongful conduct, including treble damages for Defendants' intentional and willful conduct pursuant to 15 USC §1117, all according to proof;

5. For statutory damages in the sum of $100,000.00 for Defendants' unlawful use of the "elcentromotor" domain name;

COMPLAINT FOR UNFAIR COMPETITION (15 USC §1125(a)) AND
CYBERSQUATTING (15 USC §1125(d)) AND DEMAND FOR TRIAL
BY JURY

10

6.    For statutory damages in the sum of $100,000 for Defendants' unlawful use of the "elcentroford" domain name;

7.    For attorney's fees according to proof;

8.    For costs of suit; and

9.    For such other and further relief as the Court deems proper.

Dated: October 15, 2015                    FRANK E. ROGOZIENSKI, INC.

By:   /s/Frank E. Rogozienski
Frank E. Rogozienski
Attorney for Plaintiff
rogolaw@pacbell.net

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: October 15, 2015                    FRANK E. ROGOZIENSKI, INC.

By:   /s/Frank E. Rogozienski
Frank E. Rogozienski
Attorney for Plaintiff
rogolaw@pacbell.net

COMPLAINT FOR UNFAIR COMPETITION (15 USC §1125(a)) AND CYBERSQUATTING (15 USC §1125(d)) AND DEMAND FOR TRIAL BY JURY